IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jeanne Jernigan, | NO. C 08-04409 JW |
|     Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| v. | **MOTION TO STRIKE** |
| Continental Casualty Co., et al., | |
|     Defendants. | |

## I. INTRODUCTION

Jeanne Jernigan ("Plaintiff") brings this diversity action against Continental Casualty Company ("Continental") and Hartford Life Insurance Company ("Hartford") (collectively, "Defendants") alleging breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff alleges that Defendants unreasonably terminated and withheld long term disability insurance benefits.

Presently before the Court is Defendants' Motion to Strike.[1]  The Court found it appropriate to take this matter under submission without oral argument. See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court DENIES Defendants' Motion.

## II. BACKGROUND

In a Complaint filed September 19, 2008, Plaintiff alleges as follows:

Plaintiff is a citizen of California. (Complaint for Damages ¶ 5, hereafter, "Complaint," Docket Item No. 1.)  Defendant Continental is a corporation with its principal

---

[1] (Defendants Hartford Life Insurance Company and Continental Casualty Company's Notice of Motion and Motion to Strike, hereafter, "Motion," Docket Item No. 11.)

place of business in Illinois. (Id. ¶ 3.) Defendant Hartford is a Connecticut corporation with its principal place of business in Connecticut. (Id. ¶ 4.)

As of August 1, 1994, Continental issued the group long term disability insurance policy ("the Policy") for Plaintiff's employer. (Complaint ¶ 7.) Plaintiff was a covered beneficiary of the Policy, and was issued a certificate of insurance which constituted a valid contract between Continental and Plaintiff. (Id.) In September 1995, Plaintiff suffered a loss compensable under the Policy in that she became unable to perform the substantial and material duties of her regular occupation. (Id. ¶ 9.)

Plaintiff submitted a long term disability claim and began receiving benefits from Continental on September 16, 1995. (Complaint ¶ 10.) Sometime between 1995 and 2006, Hartford became responsible for administering and paying claims under the Policy. (Id.) On May 27, 2008, Defendants terminated Plaintiff's long term disability benefits on the ground that Plaintiff failed to satisfy the Policy definition of total disability. (Id.) Plaintiff sought reconsideration of Hartford's denial of benefits. (Id. ¶ 12.) Hartford upheld its denial. (Id.)

In denying Plaintiff benefits, Defendants failed to provide her with a prompt and reasonable explanation of the basis under the Policy for denying her benefits. (Complaint ¶ 16.) Defendants also improperly advised Plaintiff that her civil remedies were limited to those provided under the Employee Retirement Income Security Act of 1974, 29 U.S.C §§ 1001, *et seq*. (Id.) Defendants' conduct was undertaken intentionally to deprive Plaintiff of her rights under the Policy and to cause injury. (Id. ¶ 20.)

On the basis of the allegations outlined above, Plaintiff alleges two causes of action: (1) Breach of Contract; and (2) Breach of the Covenant of Good Faith and Fair Dealing. In addition, Plaintiff seeks punitive damages under Cal. Civ. Code § 3294, and treble punitive damages pursuant to Cal. Civ. Code § 3345.

Presently before the Court is Defendants' Motion to Strike Plaintiff's prayer for treble damages.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); See, e.g., Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 1028 (C.D. Cal. 2002). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. SEC v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 820 (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 955, 965 (C.D. Cal. 2000).

### IV. DISCUSSION

Defendants move to strike Plaintiff's request for treble damages pursuant to Cal. Civ. Code § 3345 on the grounds that (1) § 3345 only applies to causes of action redressing "unfair or deceptive acts or practices" brought under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

3

17200, and (2) treble punitive damages is unconstitutional.[2] (Motion at 2.) The Court addresses these contentions in turn.

**A.     Whether Section 3345 Applies to Plaintiff's Claims**

Under Cal. Civ. Code § 3345, a trier of fact "may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater" whenever the trier of fact finds any of the following:

> (1)    the defendant knew or should have know that his or her conduct was directed to one or more senior citizens or disabled persons;
>
> (2)    the defendant's conduct caused one or more senior citizens or disabled persons to suffer:  loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person;
>
> (3)    one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

Cal. Civ. Code § 3345(b). Section 3345 applies only "in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons . . . to redress unfair and deceptive acts or practices or unfair methods of competition." Cal. Civ. Code § 3345(a). It is a discretionary multiplier that allows a trier of fact to impose "*up to* three times" the damages award that would otherwise be awarded.

---

[2] Although somewhat unclear, Defendants also appear to contend, in the alternative, that the California Supreme Court's decision in Moradi-Shalal v. Fireman Fund Insurance Cos. preempts Plaintiff from stating claims under California common law that sufficiently states a violation of California's Unfair Insurance Practices Act, Cal. Ins. Code § 790, *et seq*. (Motion at 9-10.) However, the California Supreme Court expressly stated in Moradi-Shalal that "the courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing." Moradi-Shalal, 46 Cal. 3d 287, 304-05 (1988); see also Manufacturers Life Insurance Co. v. Superior Court, 10 Cal. 4th 257, 279-80 (1995).  Thus, to the extent Defendants contend that Plaintiff's claims are preempted, such a contention is inconsistent with California law.

As other courts have found, the legislative history of § 3345 indicates that "it was expressly foreseen that the provision would be applied to a trebling of punitive damages under Civil Code § 3294." <u>Ross v. Pioneer Life Insurance Co.</u>, 545 F. Supp. 2d 1061, 1066 (C.D. Cal. 2008) (discussing the legislative history of § 3345); see also <u>Hood v. Hartford Life and Accident Insurance Co.</u>, 567 F. Supp. 2d 1221, 1228 (E.D. Cal. 2008) (same). Thus, the trebling of punitive damages is available under § 3345 as long as the underlying cause of action seeks to redress "unfair and deceptive acts or practices or unfair methods of competition." <u>Hood</u>, 567 F. Supp. 2d at 1229; <u>Novick v. UNUM Life Insurance Co. of America</u>, 570 F. Supp. 2d 1207, 1210 (C.D. Cal. 2008). A claim for breach of the covenant of good faith and fair dealing under California common law seeks to redress unfair practices within the meaning of § 3345. <u>Novick</u>, 570 F. Supp. 2d at 1211; <u>Hood</u> 567 F. Supp. 2d at 1230; <u>see also</u> <u>Ross</u>, 545 F. Supp. 2d at 1067 (granting leave to amend to add claim for treble punitive damages for breach of covenant of good faith and fair dealing).

In this case, Plaintiff alleges as follows:

> Defendants breached their obligation to perform under Plaintiff's insurance contract in bad faith. (Complaint ¶ 16.) In addition, Defendants breached this obligation with the intention to deprive her of property and legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud, entitling her to punitive damages under Cal. Civ. Code § 3294.[3] (<u>Id.</u> ¶ 20.) Thus, Defendants' termination of her benefits was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare, and that she is [a] disabled person within the meaning of § 3345, and as a consequence of Defendants' wrongful actions . . . is entitled to a trebling of any damages imposed by the trier of fact pursuant to § 3294. (<u>Id.</u> ¶ 21.)

Since Plaintiff's cause of action for breach of the covenant of good faith and fair dealing is one that seeks to redress "unfair acts and practices," within the meaning of § 3345, and Plaintiff has adequately pleaded the requirements for treble damages, the Court declines to strike Plaintiff's prayer of relief for those damages on the basis that Plaintiff has fails to bring a cause of action under the CLRA or UCL.

---

[3] Cal. Civ. Code § 3294 provides that "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

**B.       Whether Treble Punitive Damages is Unconstitutional**

In the alternative, Defendants contend that trebling punitive damages would result in an excessive punitive damages award and violate due process. (Motion at 13.)

The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. State Farm Mutual Auto. Insurance Co. v. Campbell, 538 U.S. 408, 416 (2003). To determine whether punitive damages have surpassed constitutional bounds, courts must consider (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. Id. at 418. However, statutory provisions allowing for a trebling of punitive damages are not *per se* unconstitutional. Hood, 567 F. Supp. 2d at 1226-27.

In this case, there has been no determination by a trier of fact that Plaintiff is entitled to punitive damages or that she is entitled to a trebling of those damages under § 3345. Thus, striking Plaintiff's claim for treble damages on the ground that it will lead to unconstitutionally excessive damages is premature. Since § 3345 is a *discretionary* multiplier, even if Defendants can show that the potential for an unconstitutionally excessive damages award exists, there is no basis for striking a claim for treble punitive damages at the pleading stage. See Hood, 567 F. Supp. 2d at 1227; Novick, 570 F. Supp. 2d at 1211 n.3.

In sum, the Court DENIES Defendants' Motion to Strike.

### V.  CONCLUSION

The Court DENIES Defendants' Motion to Strike Plaintiff's Claim for Treble Punitive Damages.

Dated: March 4, 2009

*James Ware*
JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brent Dorian Brehm bbrehm@kantorlaw.net
Corinne  Chandler cchandler@kantorlaw.net
Michelle Yumi McIsaac michelle.mcisaac@sdma.com

**Dated: March 4, 2009**                                          **Richard W. Wieking, Clerk**

                                                                  **By:   /s/ JW Chambers
                                                                          Elizabeth Garcia
                                                                          Courtroom Deputy**